**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| EIDOS DISPLAY, LLC, EIDOS III, LLC, GARY RUBLOFF, Petitioners, v. CHUNGHWA PICTURE TUBES, LTD., Respondent. | Misc. Action No. 12-625 (EGS) |

**MEMORANDUM OPINION**

Pending before the Court is a Motion by Eidos Display LLC, Eidos III, LLC, and Gary Rubloff (collectively, "Eidos" or "Plaintiffs") for an Order Precluding Discovery Sought in a Third Party Subpoena or, in the Alternative, Limiting Discovery (hereinafter "Eidos' Mot."); Defendant Chunghwa Picture Tubes, Ltd.'s (hereinafter "CPT" or "Defendant") Opposition to the Motion; and Plaintiffs' Reply to the Opposition.  Plaintiffs filed this motion to prevent the deposition of Dr. Gary Rubloff, who they contend is a non-testifying expert not subject to discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(D).  The motion arises out of an underlying patent infringement action regarding U.S. Patent No. 5,879,958 (hereinafter the "'958 Patent") filed in April 2011 in the United States District Court for the Eastern District of Texas by Eidos

1

against seven defendants, including CPT.  For the reasons explained below, the motion will be GRANTED.

## I. Background

In April 2011, Eidos filed the underlying patent infringement suit in Texas.  See Eidos' Mot. at 1.  Two months later, in June 2011, a Reexamination Proceeding regarding the '958 Patent was initiated at the U.S. Patent and Trademark Office (hereinafter "USPTO") with an ex parte request asserting that certain prior art references rendered the '958 Patent not patentable.  Id. at 3.  Dr. Rubloff acted as an expert witness for Eidos in the Reexamination Proceeding.  Id. at 4.  On February 24, 2012, Eidos submitted a declaration by Dr. Rubloff in the Reexamination Proceeding regarding his opinions "concerning 'certain technical aspects of manufacturing liquid crystal displays.'"  Id. (quoting Eidos' Mot., Exhibit H, Rubloff Declaration, at  2).

As part of the underlying patent case in Texas the parties were to identify extrinsic evidence they intended to use in claim construction proceedings by September 14, 2012, including expert declarations.  Id. at 2.  Eidos did not identify any extrinsic evidence, nor did it submit any expert declarations at that time. Id.  On September 28, 2012, the parties disclosed intrinsic evidence to be presented in claim construction proceedings in a Joint Claim Construction Statement (hereinafter "JCCS"),

2

including the prosecution history of the '958 Patent. Id. Eidos identified sections of the patent in the JCCS, as well Dr. Rubloff's Declaration from the Reexamination Proceeding. Eidos also made one reference to Dr. Rubloff's Declaration in the Reexamination Proceeding in its opening claim construction brief as a "see also" citation to a background issue.[1] Id. at 5. Unlike the one background citation to the Declaration in Eidos' brief, CPT included multiple citations to Dr. Rubloff's Declaration in its claim construction brief. See Eidos' Reply at 13-14. Finally, on January 31, 2013, the parties were required to identify any experts who would testify at the claim construction hearing - no party identified any experts. Id. at 3. The parties were not required to identify testifying experts (except for the purposes of the claim construction proceedings) until April 1, 2013. Id.

On October 15, 2012, CPT informed Eidos that it intended to depose Dr. Rubloff despite the fact that he had not been identified as a claim construction expert. To that end, CPT served Dr. Rubloff with a subpoena on October 18, 2012. The

---

[1] Eidos' claim construction brief cites to Figure 169 of the '958 Patent and then cites to one paragraph of Dr. Rubloff's Declaration from the Reexamination Proceeding, which confirms what is in Figure 169. See Eidos' Mot. at 5. Specifically, in that paragraph, "Dr. Rubloff discusses: (1) that one of ordinary skill in the art would understand that the gate wiring connection terminal is used for an electrical connection between the gate wiring and the scanning circuit, as shown in Figure 169 of the '958 Patent; and (2) the use of distinct contact holes for gate wiring and gate wiring connection terminals." Id. at 5, n. 1.

3

subpoena also called for the production of a wide variety of documents, including drafts of Dr. Rubloff's Declaration. Id. After noting that Dr. Rubloff was not available on October 30, the date CPT had proposed for his deposition, Eidos explained that it was not relying on claim construction experts and "agreed that it would not rely . . . upon the intrinsic evidence in the Rubloff declaration [] to avoid unnecessary disputes regarding expert discovery." Id. at 6. CPT did not agree to this proposal. The parties went back and forth several times regarding the scheduling and scope of Dr. Rubloff's deposition, eventually settling on November 29, 2012 in Washington, D.C. Id. at 7; CPT Opposition to Eidos' Motion (hereinafter "CPT Opp'n") at 5-6. Ultimately, Eidos and CPT were unable to resolve their issues and Eidos filed the instant motion. See Eidos' Mot. at 8-9; CPT Opp'n at 5-6. As of the filing of the instant motion, Dr. Rubloff had not yet been deposed.

**II. Legal Standard**

    **A. Motion for a Protective Order**

Pursuant to Rule 26(c), a "party or any person from whom discovery is sought may move for a protective order . . . on matters relating to a deposition, in the court for the district where the deposition may be taken." Upon such a motion, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

4

or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). If the court decides to grant a protective order, it may "limit the conditions, time, place, or topics of discovery." Burka v. U.S. Dep't of Health and Human Servs., 87 F.3d 508, 518 (D.C. Cir. 1996).

The party requesting the protective order bears the burden of demonstrating that good cause for such an order exists. See United States v. Kellogg Brown & Root Servs., Inc., 285 F.R.D. 133, 134 (D.D.C. 2012); Alexander v. F.B.I., 186 F.R.D. 71, 75 (D.D.C. 1998). Indeed, the moving party "has a heavy burden of showing extraordinary circumstances based on 'specific facts' that would justify an order." Kellogg Brown, 285 F.R.D. at 135 (internal citations omitted). In determining whether a discovery request imposes an undue burden, the court must "balance the party's need for the discovery against the potential hardship to the subject of the subpoena." Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG v. Doe, 736 F. Supp. 2d. 212, 214 (D.D.C. 2010) (citing Alexander, 186 F.R.D. at 75); see also Doe v. Provident Life & Accident Ins. Co., 247 F.R.D. 218, 221 (D.D.C. 2008). The Court must then weigh the burden to the moving party against the requestor's need for, and relevance of, the information sought. See Doe, 247 F.R.D. at 221.

**B.   Consulting Expert Immunity**

Rule 26(b)(4)(D) provides that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."  There are four commonly stated policy considerations underlying the rule:

> (1) the interest in allowing counsel to obtain the expert advice they need in order [to] properly evaluate and present their clients' positions without fear . . . ; (2) the view that each side should prepare its own case at its own expense; (3) the concern that it would be unfair to the expert to compel its testimony and also the concern that experts might become unwilling to serve as consultants if they suspected their testimony would be compelled; and (4) the risk of prejudice to the party who retained the expert as a result of the mere fact of retention.

United States ex rel. Westrick v. Second Chance Body Armor, Inc., 288 F.R.D. 222, 227-28 (D.D.C. 2012) (quoting Long Term Capital Holdings, L.P. v. United States, No. 01-CV-1290, 2003 U.S. Dist. LEXIS 14579, at * 2 (D. Conn. May 6, 2003)).

To bypass the protection afforded by Rule 26(b)(4)(D), a party must demonstrate "exceptional circumstances under which it

is impracticable for [it] to obtain facts or opinions on the same subject by any other means." Rule 26(b)(4)(D)(ii). Such exceptional circumstances may exist "when a non-testifying expert's report is used by a testifying expert as the basis for an expert opinion, or where there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert." Westrick, 288 F.R.D. at 228 (internal citations omitted). A party may also demonstrate that exceptional circumstances warrant discovery from a non-testifying expert when "(1) the object or condition observed by the non-testifying expert is no longer observable by an expert of the party seeking discovery or (2) although it is possible to replicate expert discovery on a contested issue, the cost of doing so is justifiably prohibitive." Fast Memory Erase LLC v. Spansion, Inc., No. 3-08-CV-0977-M, 2009 U.S. Dist. LEXIS 117462, at *9 (N.D. Tex. Dec. 16, 2009) (internal citations omitted).

**III. Discussion**

In its motion, Eidos sets forth in detail its argument that it has good cause for seeking a protective order in this case. Eidos argues that Dr. Rubloff has been retained in the underlying patent action as a non-testifying expert; therefore, he is not subject to a deposition pursuant to Rule 26(b)(4)(D). See Eidos' Mot. at 10. Eidos contends that there are no "exceptional circumstances" that would warrant an exception to the rule in

this particular case. In seeking to depose Dr. Rubloff, Eidos claims that CPT is attempting to circumvent the immunity afforded by the rule to "pursue issues for later arguments concerning invalidity or non-infringement defenses." Id. at 13. Indeed, Eidos argues that Dr. Rubloff did not even apply claim construction standards in coming to any conclusions stated in his Declaration and instead assumed "that in the context of the Reexamination, the claim will be given its broadest reasonable interpretation." Id. at 4. Eidos suggests that a deposition and document production at this time "would be extremely prejudicial . . . as CPT might attempt to use the undiscoverable consulting opinions against Eidos to manufacture arguments regarding the merits or defenses." Id. at 13.

In opposition, CPT argues that it has the "right to depose Dr. Rubloff because Eidos put his declaration at issue in the Patent Case" and that "Dr. Rubloff is no different than any other declarant who would be subject to deposition." CPT Opp'n at 7. Specifically, CPT claims that by identifying and attaching the declaration that Dr. Rubloff made in the Reexamination Proceeding as support for its claim construction position in the JCCS, and then later to its opening claim construction brief, Eidos has waived the protections of Rule 26(b)(4)(D). Id. at 7-8. Nowhere in its opposition does CPT acknowledge that it also cited to Dr. Rubloff's Declaration in its claim construction brief. CPT

maintains that any issues that may arise from its subpoena are premature because it has already agreed to limit the scope of Dr. Rubloff's deposition to claim construction issues.[2]  CPT Opp'n at 10-11.  Finally, CPT suggests with respect to any remaining issues, the Court should transfer this action to the Eastern District of Texas, where the underlying patent action is pending. Id. at 13.

The Court finds that Eidos has established good cause for seeking a protective order because as it contends, and as CPT does not dispute, Dr. Rubloff is a non-testifying expert in the patent suit.  The Court does not agree with CPT's argument that Eidos has waived immunity, and that Dr. Rubloff is therefore subject to a deposition and document discovery.  Specifically, the Court finds that while it is unclear whether Rule 26(b)(4)(D) is even subject to waiver, the general trend in other districts has been to find that it is not.[3]  For example, in Fast Memory Erase, LLC v. Spansion, Inc., the court found that plaintiff had

---

[2] Prior to the filing of the instant motion, the parties engaged in extensive discussions regarding the scope of any potential deposition of Dr. Rubloff.  Though they were ultimately unable to reach an agreement, the parties narrowed the scope of the deposition and provisionally agreed that any questioning would be limited to claim construction issues only.  They were not able to agree as to the extent of any privilege that Eidos could assert during the deposition or the extent to which the deposition would be applicable to issues other than claim construction. See Eidos' Mot. at 14-15; CPT Opp'n., Ex. 2.

[3] Many of the cases cited herein reference Rule 26(b)(4)(B), which was later renumbered "(D)" and "(E)." See Fed. R. Civ. P. 26 (2010 Amendments).

not waived the protections of the rule by relying on and attaching selected portions of an expert report as background materials to a claim construction brief.  2009 U.S. Dist. LEXIS 117462, at *11-13.  Though plaintiff, like Eidos, had attached the materials to its preliminary contentions, the court held that plaintiff had not actually relied on them for any proposed claim construction.  The contentions were preliminary and meant to provide notice to the accused party, and as such they were "not evidence," no matter how detailed.  Id. at 12.  Moreover, even though plaintiff had used the same materials at a claim construction hearing, they were used as demonstrative aids, and thus had no probative value.  Id.

Several other courts that have confronted the issue have held the same.  In Plymovent Corp. v. Air Tech. Solutions, the court affirmed the decision of a magistrate judge finding that even though plaintiff had submitted a video of an interview with an expert and the expert's report in support of a preliminary injunction application, it had not waived non-testifying expert immunity.  243 F.R.D. 139, 146 (D.N.J. 2007).  At the preliminary injunction hearing, plaintiff decided to withdraw the expert report and subsequently relayed to defendant that it did not intend for the expert to testify.  Id. at 142.  Nevertheless, defendant served plaintiff with a subpoena requesting several types of documents prepared by the expert.  Id.  The magistrate

10

judge ruled, and the district court affirmed, that there had been no waiver because plaintiff's expert had not testified at the preliminary injunction hearing, and therefore, the court did not give the expert report and interview "any weight" in ruling on the preliminary injunction. Id. at 144.  Under those circumstances, the court affirmed the holding that there had been no waiver, and absent any showing of exceptional circumstances, the expert was immune from discovery. Id. 146-147.  See also Hansen Bev. Co. v. Innovation Ventures, LLC, No. 08-CV-1166-IEG, 2010 U.S. Dist. LEXIS 38635, at *6-8 (S.D. Cal. April 20, 2010) (upholding order of a magistrate judge denying a request to depose a non-testifying expert where defendant attached the expert's declaration to an opposition to a motion for preliminary injunction because plaintiff had failed to make a showing of exceptional circumstances to warrant discovery); Intervet, Inc. v. Merial Ltd., No. 8:07CV194, 2007 U.S. Dist. LEXIS 44970, at *4-5 (D. Neb. June 20, 2007) (holding that there had been no waiver where plaintiff filed the non-testifying expert's declaration in a separate, but related, action in another jurisdiction with the same parties).  The Court elects to follow this line of cases in the instant matter, especially given the limited extent of Eidos' reliance on Dr. Rubloff's Declaration in its preliminary claim construction brief.

Notably, CPT does not cite to any cases to support its

argument that Eidos has waived the protections of Rule 26(b)(4)(D). While there is contrary authority that suggests that the protections afforded by Rule 26(b)(4)(D) are subject to waiver, the Court finds that these cases do not call for waiver in the precise circumstances presented here. For instance, in Atari Corp. v. Sega of America, the court held that by voluntarily providing a videotape of a non-testifying expert's interview to the opposing party during a settlement negotiation, the producing party had waived the protections of Rule 26(b)(4)(B). 161 F.R.D. 417, 418-20 (N.D. Cal. 1994). After it disclosed the interview during settlement talks, defendant repeatedly agreed that the videotape was a "product of discovery" in the case. Id. at 419-420. Additionally, the expert in question was the inventor of the patent and a former employee of the plaintiff, who the defendant retained after the suit commenced. Id. at 419. The court held that there had been waiver, but limited the deposition to topics covered in the interview, or to facts or opinions that the expert held prior to being retained by defendant. Id. at 420-422. See also United States v. Hooker Chemicals & Plastics Corp., 112 F.R.D. 333, 339 (W.D.N.Y. 1986) (noting that "when a party offers an affidavit of an expert witness in opposition to, or in support of a motion for summary judgment, it waives its right not to have the deposition of said expert taken"); Hartford Fire Ins. Co. v. Pure Air, 154

12

F.R.D. 202, 211-12 (N.D. Ind. 1993) (finding generally that the rule is subject to waiver even while holding that in the case presented defendant had not waived non-testifying expert immunity by issuing a press release concerning conclusions reached by a non-testifying expert).

Given the uncertain state of the law with respect to waiver and Rule 26(b)(4)(D), the Court finds that to the extent that Eidos has waived anything, it has only waived Dr. Rubloff's Declaration itself.  See Hartford Fire, 154 F.R.D. at 211 (finding that only the information disclosed was waived). As Eidos argues in its motion, it believes that CPT intends to use Dr. Rubloff's deposition as an avenue to question him regarding merits defenses rather than strictly for claim construction purposes.  It would be improper for the Court to allow CPT to reap the benefit of Eidos' work with its own non-testifying expert to that extent, especially where CPT is the party that has primarily brought that expert's work into the case at this stage. See Eidos' Reply at 13-14.  CPT could easily have retained its own expert for the claim construction proceedings.  Indeed, protecting the trial preparation work of each party is one of the main justifications for the rule prohibiting depositions of non-testifying experts.  See, e.g., Westrick, 288 F.R.D. at 227-28.  And, because Dr. Rubloff is not testifying at trial, barring his deposition at this time will not prejudice CPT as it

13

does not have to prepare for his eventual cross examination. See Hansen Bev. Co., 2010 U.S. Dist. LEXIS 38635, at *8-9 ("The Court also agrees with the finding that Hansen will not be prejudiced by the Court's disallowance of [the non-testifying expert's] deposition . . . [because she] will not testify at trial, and therefore there is no need to depose her in preparation for cross examination.").

Upon learning that CPT intended to depose Dr. Rubloff on claim construction issues, Eidos offered to delete the citation to his Declaration and delete the attachment from its opening brief. See Eidos' Mot. at 6; Eidos' Reply at 8-9, 15. That CPT refused to agree to that compromise suggests that its purpose in seeking to depose Dr. Rubloff at this juncture has more to do with probing him on invalidity and non-infringement issues than with claim construction, as those issues are what his Declaration largely concerns. See Eidos' Reply at 17-18. Because the Court finds that to the extent that there has been any waiver, it is very limited, and because CPT has failed to make a showing of exceptional circumstances, the Court grants Eidos' motion and orders that CPT cannot depose Dr. Rubloff at this time. The Court also finds that CPT's document requests are overbroad, and grants Eidos' motion with respect to them. See Plymovent Corp., 243 F.R.D. at 146 (holding that because plaintiff had not waived non-testifying expert immunity, defendant could not discover

14

documents absent a showing of exceptional circumstances, which it had failed to make).  CPT cannot circumvent non-testifying expert immunity by attempting to expand the waiver argument unreasonably, especially where it has made no effort to establish exceptional circumstances to justify the discovery it seeks.

## IV. Conclusion

For the reasons explained herein, Eidos' motion is GRANTED. An appropriate order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    EMMET G. SULLIVAN**
**            UNITED STATES DISTRICT JUDGE**
**            JULY 25, 2013**